UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISON

| | |
|---|---|
| IN RE APPLICATION OF THE ) <br> UNITED STATES OF AMERICA FOR ) <br> AN ORDER PURSUANT TO ) <br> 18 U.S.C. § 2703(d) ) <br> john_wu888@yahoo.com ) <br> ) | MISC. NO. 2:18-mj-224 <br><br> Filed Under Seal |

APPLICATION OF THE UNITED STATES
FOR AN ORDER PURSUNAT TO 18 U.S.C.§ 2703(d).

The United States of America, moving by and through its undersigned counsel, respectfully submits under seal this ex parte application for an Order pursuant to 18 U.S.C.§ 2703(d). The proposed Order would require Oath Holdings Inc, an Internet Service Provider located in Sunnyvale, California, to disclose certain records and other information pertaining to the email account: john_wu888@yahoo.com. The records and other information to be disclosed are described in Attachment A to the proposed Order. In support of this application, the United States asserts:

LEGAL BACKGROUND

1. Oath Holdings Inc is a provider of an electronic communications service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Accordingly, the United States may use a court order issued under§ 2703(d) to require Oath Holdings Inc to disclose the items described in Part II of Attachment A. See 18 U.S.C. § 2703(c)(2); 18 U.S.C. § 2703(c)(l).

2. This Court has jurisdiction to issue the proposed Order because it is "a court of competent jurisdiction," as defined in 18 U.S.C. § 2711. See 18 U.S.C. § 2703(d). Specifically,

the Court is a district court of the United States that has jurisdiction over the offense being investigated. See 18 U.S.C. § 2711(3)(A)(i).

3. A court order under § 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that the contents of a wire or electronic communication, or the records or other information sought, are relevant and material to an ongoing criminal investigation." 18 U.S.C. § 2703(d). Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.

## THE RELEVANT FACTS

4. The United States is investigating Qiang Wu aka John Wu for the illegal export of U.S.-origin electronic goods to entities in China that require a valid export license. The investigation also concerns possible violations of Money Laundering 50 U.S.C. § 1956, and conspiracy in violation of 18 U.S.C. § 371. Qiang Wu owns the Columbus, Ohio-based business ADV Technology Ltd. Investigation conducted to date has revealed that Qiang Wu may have been complicit in the illegal exportation of U.S. goods to China to persons or entities which would require a valid export license from the U.S. Office of Foreign Assets Control (OFAC), to include through persons and entities located in the Southern District of Ohio.

5. The investigation relates to the illegal export of U.S. goods to China. This activity is being conducted, in part, using electronic devices and through the sending and receiving of email as provided by internet service providers (ISPs). Investigators believe that matters relevant to the offenses under investigation have been and continue to be discussed using email address john_wu888@yahoo.com, an email address which is hosted by Oath Holdings Inc.

Oath Holdings Inc is an internet domain and email hosting provider doing business at 701 First Avenue, Sunnyvale, California 94089. Investigators believe that the listed subscriber for this email address is Qiang Wu, a target of the investigation. For example, a WHOIS domain search was conducted on November 29, 2017, for ADVTECHINTERNATIONAL.COM. The WHOIS search revealed that the domain had an active registrar registration and that the registrant name was John Wu. The Registrant Email for this domain was listed as john_wu888@yahoo.com. While it is currently unknown whether John Wu utilizes this email address to further conduct the violations previously identified in this Application, investigators are aware that John Wu has used other email addresses to conduct this activity in the past. In addition, it is common practice for persons who use email to conduct activities such as these to copy/forward emails from one account to another, making it reasonable to conclude that John Wu has done the same in this instance. This activity is part of an ongoing conspiracy.

6. The conduct being investigated involves use of the email account(s) described in Part I, Attachment A. To further the investigation, investigators need to obtain the account information associated with the email address john_wu888@yahoo.com, more fully described in Part II, Attachment A.

## REQUEST FOR ORDER

7. The facts set forth in the previous section show that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation. Specifically, these items will help the United States to identify and locate the individual(s) who are responsible for the events described above, and to determine the nature and scope of their activities.

3

Accordingly, the United States requests that Oath Holdings Inc be directed to produce all items described in Part II of Attachment A to the proposed Order.

8. The United States further requests that the Order require Oath Holdings Inc not to notify any person, including the subscribers or customers of the account(s) listed in Part I of Attachment A, of the existence of the Order for one year from the date of the filing of the Order. See 18 U.S.C. § 2705(b). This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." Id. In this case, such an order would be appropriate because the requested Order relates to an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation, and its disclosure may alert the targets to the ongoing investigation. Accordingly, there is reason to believe that notification of the existence of the requested Order will seriously jeopardize the investigation, including by giving targets an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, change patterns of behavior, or notify confederates. See 18 U.S.C. § 2705(b)(2), (3), (5). Some of the evidence in this investigation is stored electronically. If alerted to the investigation, the subjects under investigation could destroy that evidence, including information saved to their personal computers.

9. The United States further requests that the Court order that this application and any resulting order be sealed until further order of the Court. As explained above, these documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

Executed on March 13, 2018.

                              Respectfully submitted,

                              BENJAMIN C. GLASSMAN
                              United States Attorney

                              DOUGLAS W. SQUIRES (0073524)
                              Assistant United States Attorney
                              303 Marconi Boulevard, Suite 200
                              Columbus, Ohio 43215
                              Phone: (614) 623-0260
                              Fax: (614) 469-5653
                              Douglas.Squires@usdoj.gov